﻿Citation Nr: AXXXXXXXX
Decision Date: 01/31/20 Archive Date: 01/30/20

DOCKET NO. 190626-13353
DATE: January 31, 2020

REMANDED

Service connection for posterior tibial tendinitis, left leg, is remanded.

Service connection for posterior tibial tendinitis, right leg, is remanded.

Service connection for plantar fascial fibromatosis, left foot, is remanded.

Service connection for plantar fascial fibromatosis, right foot, is remanded.

Service connection for calcaneal spur, left foot, is remanded.

Service connection for calcaneal spur, right foot, is remanded.

REASONS FOR REMAND

The Veteran had active service from August 1994 to August 1998.

The rating decision on appeal was issued on May 21, 2019. In that decision, the agency of original jurisdiction (AOJ) denied service connection for the issues listed above. In June 2019, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

The Veteran selected the Direct Review lane without a Board hearing when he opted into the Appeals Modernization Act (AMA) review system by submitting a VA Form 10182 (Decision Review Request: Board (Notice of Disagreement)). Accordingly, the Board’s current review is limited to the evidence of record at the time of the AOJ’s May 2019 rating decision.

The issue of entitlement to service connection for each issue listed on the title page of this decision is remanded to current a duty to assist error that occurred prior to the May 2019 rating decision on appeal. In this regard, the Veteran has submitted competent lay evidence asserting that the boots he wore during service lacked arch and heel support, causing pain in his feet and legs. He submitted medical evidence from his treating podiatrist in April 2019, wherein the podiatrist stated that the Veteran’s use of “substandard boots” in service was a “contributing factor” to the majority of the Veteran’s bilateral foot problems. While supportive of the Veteran’s foot claims, the Board does not find that the podiatrist’s statement is sufficient to support an award of service connection. 

The Veteran has not been provided with a VA examination with respect to his claims. VA is obliged to provide an examination when the record contains competent evidence that the claimant has a current disability or signs and symptoms of a current disability, the record indicates that the disability or signs and symptoms of the disability may be associated with active service; and the record does not contain sufficient information to make a decision on the claim. 38 U.S.C. § 5103A(d); McLendon v. Nicholson, 20 Vet. App. 79 (2006).

Given the foregoing facts, the Board finds that the failure to provide the Veteran with a VA examination constituted a duty to assist error which existed at the time of the May 2019 rating decision. As such, on remand, the Veteran should undergo a VA examination to determine the likely nature and etiology of his diagnosed foot and leg conditions.

The matters are REMANDED for the following action:

1. Schedule the Veteran for appropriate VA foot and lower leg examinations. The entire record must be made available to and reviewed by the examiner(s) and the examiner(s) is requested to take a history from the Veteran as to the onset and progression of his claimed leg and foot disabilities. Upon examination, the examiner(s) should address the following:

(a.) Identify all left and right foot and right and left lower leg disabilities found to be present since the date of the claim (i.e., since April 2019), to include left and right leg posterior tibial tendinitis; left and right foot plantar fascial fibromatosis; and left and right foot calcaneal spurs. See Dr. M. March 2019 treatment note.

In particular, if pes planus is diagnosed, please observe that such was noted upon the Veteran’s entry into service in June 1992, and answer the following questions: Is it at least as likely as not that pes planus increased in disability during active duty? If so, is it clear and unmistakable (i.e., undebatable) that such increase in disability was due to the natural progression of the disease? 

(b.) For each identified foot and/or leg disability other than pes planus, state whether it is at least as likely as not (i.e., 50 percent probability or greater) that such disability is related to the Veteran’s period of active service.

(Continued on Next Page)

In responding to the questions above, the examiner(s) must consider (i) the Veteran’s contention that he wore steel toe boots during service that lacked arch and heel support and contributed to his current foot and leg pain; and (ii) the March 2019 treatment record wherein Dr. M. stated that the Veteran’s substandard boots in service were a contributing factor to the majority of his bilateral foot problems.

 

 

V. Chiappetta

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Polly Johnson, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.